court's case in U.S. v. Hernandez-Castellanos, which requires that there be a substantial risk of imminent death or physical injury, and that that is not the same thing as, or excuse me, it says that a substantial risk of imminent death or physical injury is not the same thing as a substantial risk that physical force may be used. And it goes on to state that the crime must require recklessness as to, or a conscious disregard, that physical force will be used against another. And the second case that we're relying upon is... It's not true with this vehicle code section? No, sir. This code section as... It requires some kind of conscious disregard, doesn't it? Yes, it does. It requires a conscious disregard. Willful or wanton is defined, I've got the jury instruction in excerpts of record 52. It means an act or acts intentionally performed with a conscious disregard for the safety of persons or property. It does not necessarily include an intent to injure. This, this would include putting at risk the defendant himself. In fact, if it is with conscious disregard for his own safety, then he's committed this crime. If it's with conscious disregard for the safety of the officers pursuing him, even though he has no contemplation of any volitional act on his part being used against him, any physical force on his part, it's this crime. And under 18 U.S.C. section 16B, that requires a risk of the physical force be used by the defendant against another. And here, the risk of force could be injury to him. Well, it's not even a risk of force, but the risk, the disregard for safety could be disregard for himself. It wouldn't even fit within the definition of 18 U.S.C. 16B. Let me go back a little bit. You know, this case you were just referring to about Fernandez something or other. Hernandez Castellanos. Yes. What was what was the crime involved there? That was a felony child endangerment. It was not a categorical categorical crime of violence, and it was remanded for the modified categorical approach analysis. But the statute itself, did it have like a, you know, like a recklessness? It had no element. I don't think that the statute you could violate it by gross negligence or recklessness by placing a child in danger. But the statute was broader. It encompassed more conduct than that. Right. Exactly. And we're saying this one does, too. That's not that's not true of this vehicle code section, is it? Well, yes. This vehicle code section, every high speed chase is a violation of this section. Well, if the officer has the uniform. No, not every high speed chase, because the pursued vehicle has to be driven in in willful and wanton disregard for the safety of persons or property. Yes. And that could mean his own safety. In fact, if you're coming down, it says the safety of persons or property, the person driving the vehicle. No, that refers to one conviction. Right. So you're saying persons or property includes the driver and his own car. Sure. He's coming down the mountains and the pursuing officer thinks it's a little too dangerous. He can call ahead and have a checkpoint set up. But the person is fleeing the officer. The defendant is still violating this code section by putting his own life in danger. You think that's really what's meant by the code section? Pardon me? Do you think that's really what is meant by the code section? His own person or property? I think the government will. Would that ever be the base for a prosecution? I think it would be if he got in an accident. Well, let me put it this way. If he drove his car off the road, I think it could be. Is that, you know, expressed in the jury instruction that it could be that it doesn't say one way or the other. Yeah. Defendant puts himself in danger. It doesn't say one way or the other. But but the cases that the government is citing is Johnson and Sewell case. Also point out that they're pursuing peace officers. If if if they pursue and their lives are put in danger, even though there's no volitional force whatsoever that's going to be used, that that's also a violation of the statute. Yeah, but I could see where that would be a reasonable interpretation of the statute, because in a willful and wanton recklessness and by the pursued vehicle can well endanger not only persons that he might run into, but they endanger the pursuing vehicle. And it seems to me that would be a rational prosecution for that. Well, I'm sure that people have probably been prosecuted for that. Yeah. But what I'm saying is, is that under this court's Hernandez Castellanos case, it requires more than that. There be a substantial risk of imminent death or physical injury. It has to be require recklessness to to as to or a conscious disregard that physical force will be used by the defendant against another. So your your main argument is because the statute is broad enough to include endangering yourself. That's one of them broader than that. Hernandez Castellanos definition of, you know, the danger of using force against another. Is that that is that target? Actually, that's one of them. And the case would be that that part of the analysis would be U.S. V. Trinidad Aquino, which requires that the physical force be used against another. Well, are you suggesting that we remand this so that the district court can do step two of the Taylor analysis? It's my position that the government waive that. And that I I urged before the trial court that this was a categorical approach. Probation agreed with me. That's in writing. It's in the excerpts of record. Their memorandum response. But the government didn't undertake step two. And the government never undertook step two. And they concurred on the record with the recommendations of probation. Let me ask you this. Let me ask you this question. Let me give you this hypothetical. Now, I assume there's a statute somewhere. State law and federal law says, you know, it's a felony to set off, set off a bomb in a public place because it endangers people. All right. Are you saying because the person could strap a bomb to himself and walk in and, you know, set off a bomb? The statute is too broad because you can endanger yourself. I think that reasonably he's placing others at risk of physical force caused by himself. I mean, he's it's a pollution. Well, once your argument apply to that, you know, to almost any statute, such as the bomb statute or, you know, grenade statute or whatever it is, because you could injure yourself. In fact, some people, you know, would undertake self-injury as part of their mission. You know, I didn't put the limitations in 18 U.S.C. 16 B that require that use of force be against another person or property. And this crime here doesn't require that. And if the California legislature wants to make the distinction, I think that that would be an appropriate thing for them to do. But to answer your question, I think this this crime is different than the example that you gave about using a bomb. All right. You have about you have about seven seconds. If you if you reserve it, I'll give you a minute. All right. Thank you. Morning. May it please the court. David Gappa, assistant United States attorney for the United States. The government's position in this case is that the district court was correct in its decision in finding this to be an aggravated felony. And we reached that conclusion by looking first at the definition of aggravated felony at United States Code Section 1101 A 43 F and then looking at the crime of violence defined at 18 United States Code Section B, which is this court knows requires an offense that by its nature involves a substantial risk that physical force will be used against the person or property of another. The focus is on the substantial risk that physical force will be used against the person or property of another. And we when we look at the elements of what you're saying, if it's only substantial risk, it doesn't have to categorically include the possibility of them doing that. You might injure yourself. You mean the defendant. Right. I'm not sure I understand the court's question. I would say that the court would look at this categorically because that's what the Supreme Court said to do in Taylor. And that's what this court's precedents say to do. And if we do that categorical approach, you look at the elements. But you see, Mr. Quinn's position is that if you look at it categorically, categorically, all of the statute encompasses what you say. It's broader because you can violate the statute by not injuring, not endangering another, but just endangering yourself or your own car. Your Honor, now I understand that. I would disagree with counsel's suggestion that that's a possible violation of the statute, because if we look at the actual text of the statute, it requires that the pursued vehicle be driven in a willful or wanton disregard for the safety of persons or property. That's plural. Are you saying if only one person is endangered, you can't pursue a prosecution? I would suggest that there would not be a prosecution under those facts, Your Honor. I don't mean as a matter of discretion. It was prohibited by the statute. I would say as a matter of law that it would not be an appropriate prosecution because the statute refers plainly to persons. Really? That's an interesting approach. So if you have one poor little child in front of the car that's being pursued that is being endangered, that isn't enough? Well, no. Perhaps I misunderstood the Court's question. The hypothetical posed by counsel was that there be risk only to the driver, and I don't think that that's sufficient. The statute requires risk to persons or property, that there has to be at least more than one person put at risk or property. That's a very interesting interpretation, counsel. I'm going to keep that in mind. Go ahead. But if we look at the elements, there are basically eight things that the government would have to prove in a prosecution here, and this Court left open the question in its decision in Trinidad Aquino whether driving a vehicle itself might be a volitional use of force. But when we look at this statute, you're required to have a law enforcement officer in uniform, in a marked vehicle, with a red light flashing and a siren sounding. The peace officer has to be pursuing a vehicle. The pursued vehicle must be driven with an intent to evade the pursuing officer. The person driving the vehicle has to willfully flee or attempt to elude the officer. And on top of all of that, which would be a violation of 2800.1 of the California Vehicle Code, the pursued driver must drive with a willful or wanton disregard for the safety of persons or property. So the government submits that it's not possible to look at this and conclude that it is a violation under the facts posited by defense counsel. And this Court has indicated also that recklessness is sufficient when it is as to or a conscious disregard of a risk that physical force will be used against another. This Court held that in Hernandez Castellanos in Park v. INS. And when we look at the two decisions on point by the California Court of Appeal, which I think is instructive given that they've passed on this particular statute, one district, the fourth district in 1993, held that any felony whose key element is wanton disregard is necessarily an inherently dangerous felony. There's a high probability that death will result and that a likely consequence is the possibility of massive physical harm. And the Court of Appeal in the third district reiterated that holding more recently in 2000 in Peoples v. Sewell, which we've cited. They found that this particular code section is an inherently dangerous felony and that you look to the elements in the abstract and that it cannot be committed without creating a substantial risk that somebody will be killed. And we would suggest that the appellant has misconstrued this Court's decision in Trinidad-Aquino. There, a careful reading shows that the precise issue there was whether negligent conduct satisfies the test set forth in 18 United States Code Section 16 and that definition of crime of violence. There, importantly, the statute dealt with negligent conduct, and that was the issue, whether negligent conduct could satisfy that statutory definition. Here, by contrast, we have recklessness, and there's a reckless disregard of a substantial risk that physical force will be used. And also in Trinidad-Aquino, the Court indicated that physical force is not required to actually be used, that it's sufficient for somebody to consciously disregard a substantial risk that force will be used. And, again, it's contrary to what appellant suggests, not necessary that there be an intentional act. Rather, the act must be committed at least recklessly, and we have that in this case. And as perhaps counsel was suggesting, there is a theoretical possibility that this statute might be violated with only a risk of harm or harm to the driver of the vehicle being pursued. We would submit that's not a reasonable interpretation and would direct the Court's attention, as we did in our brief, to People v. Sewell, the Third District Court of Appeal decision in the year 2000, where, again, you view the elements in the abstract. And they said that if you look at and look for a situation where hypothetically the statute might not be violated, then no statute would pass the test for what constitutes a crime of violence. The focus needs to be on whether the commission of the offense creates a substantial risk of harm or a substantial risk that physical force will be used against the person or property of another. And when we do that, when we look at the test that this Court has set forth, we submit that the Court in the sentencing in this case reached the appropriate decision. We would ask the Court to affirm that judgment and the sentence. Thank you. Okay. Thank you, Mr. Gappa. Bob? The government opposed the very analysis that I'm using at page 11 of its brief, wherein they state that, at the very least, the pursued driver creates a risk of physical force being used against himself or herself, and then going to take any passengers, any members of the public, et cetera. This Court's decision in U.S. v. Hernandez-Castellanos, I think it's probably my best case, and it says, and I quote, endangerment under Arizona law is not categorically an aggravated felony because a substantial risk of imminent death or physical injury is not the same thing as a substantial risk that physical force may be used, which is necessary under 18 U.S.C. Section 16B. I think that's the heart of this case. Well, you know, an endangerment statute is obviously different because, well, you see in the newspaper, you can violate an endangerment statute by locking a child in a car without using any force at all or locking them in a house without any food. So, you know, it obviously can be subject to a different analysis. I don't know if this statute, though, could be subjected to that analysis. But I understand your point. Okay. All of the cases that when they talk about inherently dangerous, they're talking about second degree felony murder under California law where there's been a death. And then they go back and say this was an inherently dangerous felony that was committed that resulted in the death. This court's decision regarding voluntary manslaughter with a Park v. INS. In that case, a woman beat to death another woman to exercise a demon during a religious ceremony. In that case, that was a crime of violence. All of those cases require volitional use of force by the defendant against someone. This case requires no force used whatsoever and no force contemplated to be used by the defendant. Thank you. All right. Thank you. We thank both counsel. The case is submitted for decision. We're going to return to the case we passed up because I think both counsel are here now. And it's now the last case on the calendar. Lambert v. Andrews.
judges: Hug, B. Fletcher, Tashima